IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>      Respondent,<br><br>    v.<br><br>DANIEL LYLE RINKER,<br><br>      Appellant. | No. 83259-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — The court imposed legal financial obligations (LFOs) on Daniel Rinker as part of a judgment and sentence entered in 2016. In 2021, Rinker filed a motion to modify his sentence and reduce or waive his LFOs based on changing laws pertaining to LFOs. The trial court denied the motion, and Rinker appeals. Because the trial court's decision is not appealable as of right under RAP 2.2(a), and Rinker raises no other issues properly before this court, we dismiss his appeal.

FACTS

Rinker pleaded guilty to murder in the second degree with a firearm, charged as a crime of domestic violence, for the April 2014 death of Jessica Jones. The court sentenced him to a standard range sentence with a mandatory firearm enhancement. The court found Rinker indigent and waived all discretionary court costs, but imposed a $100 DNA fee, $500 victim penalty fee, $100 domestic violence penalty, and supervision fees as a condition of custody.

The court also ordered Rinker to pay restitution of $12,480.08. The judgment and sentence provided that the LFOs would accrue interest until payment in full. Additionally, the Snohomish County Superior Court Clerk imposed a $100 collection cost.[1] Rinker did not appeal the judgment and sentence.

In July 2021, Rinker filed a pro se motion to modify his sentence and waive or reduce the imposed LFOs.[2] The trial court denied the motion because the version of RCW 10.01.160(4)[3] in effect at the time "precludes the court from waiving any portion of the LFOs until Mr. Rinker is released from total confinement."[4] Rinker appeals.

---

[1] Rinker notes that records from the Judicial Accounting Department of Snohomish County Clerk's Office confirmed that it imposed the collection cost. However, the appellate record does not include evidence of the cost other than the State's response to Rinker's pro se motion to reduce or waive his LFOs.

[2] In addition to reduction or waiver of LFOs, Rinker filed the motion to modify based on the then-newly enacted S.B. 6164, 66th Leg., Reg. Sess. (Wash. 2020), codified as RCW 36.27.130, which allows prosecutors to seek resentencing for people convicted of felonies "if the original sentence no longer advances the interests of justice." Rinker asked the court to modify his sentence to follow the original sentence recommended by the State in the plea agreement. The State recommended a midrange sentence of 245 months with the 60-month firearm enhancement for a total of 305 months of incarceration. The sentencing court considered the recommendation but imposed a higher end sentence of 280 months, which amounts to 340 months with the firearm enhancement. After reviewing the motion to modify, the trial court denied Rinker's request because RCW 36.27.130 requires the prosecutor to file for resentencing of a felony offense. The decisions on resentencing and the LFOs are addressed in separate orders. The denial of resentencing references the prior ruling that denied modification of the LFOs. Rinker's notice of appeal includes only the denial of resentencing with the reference to the LFO issue. The sole assignment of error in the briefing addresses the court's refusal to waive or reduce the LFOs.

[3] Former RCW 10.01.160(4) (2021) allows, "[a] defendant who has been ordered to pay costs and who is not in contumacious default in the payment thereof may at any time after release from total confinement petition the sentencing court for remission of the payment of costs or of any unpaid portion thereof."

[4] Neither party disputes this is the applicable statute, and both note the court order incorrectly cites RCW 10.73.160(4), which governs court fees and costs in criminal appeals.

DISCUSSION

Rinker assigns error to the trial court's refusal to waive or reduce his LFOs and interest. The order at issue is the trial court's denial of Rinker's motion to modify the sentence and waive or reduce the imposed LFOs. The version of the statute in effect at the time of Rinker's motion allowed motions for remission of LFOs only after a person was released from total confinement. Former RCW 10.01.160 (2021). Based on this limitation in the then-current statute, the trial court denied Rinker's request.[5]

Subsequently, the statute was amended so that in addition to allowing courts to consider remission of formerly "mandatory" legal financial obligations based on indigency, such motions are allowed "at any time." LAWS OF 2022, ch. 260, § 9 (amending RCW 10.01.160). The new version became effective January 1, 2023, while this case was pending on appeal. LAWS OF 2022, ch. 260, § 26. Rinker contends the new version should apply because his appeal was pending when it came into effect.

RAP 2.2(a) establishes a list of superior court decisions subject to appeal, and all other decisions require a party to seek discretionary review under RAP 2.3. The denial of a motion to waive or reduce LFOs is not among the decisions listed in RAP 2.2(a). Moreover, we have specifically held that trial court decisions

---

[5] Neither party on appeal, nor the trial court below, discusses the fact that even under former RCW 10.01.160 (2021), there were limitations to a court's ability to consider indigency with regard to certain mandatory legal financial obligations, such as the victim penalty assessment, as well as restitution.

under RCW 10.01.160(4) are not subject to appeal under RAP 2.2(a). State v. Smits, 152 Wn. App. 514, 525, 216 P.3d 1097 (2009). The trial court's decision is not "an order granting or denying a motion for a new trial or amendment of judgment." RAP 2.2(a)(9); Smits, 152 Wn. App. at 524.[6] A decision on a request to remit LFOs "does not alter or amend the judgment but rather changes the requirement of payment based on a present showing that payment would impose manifest hardship." Id. Thus, the order at issue is not appealable under RAP 2.2(a)(9).

Rinker contends that statutory amendments apply prospectively to cases pending on appeal, citing State v. Ramirez, 191 Wn.2d 734, 747-48, 426 P.3d 714 (2018). But Ramirez's case was "pending on direct review and thus not final when the amendments were enacted." Id. at 747. Here, Rinker never filed a direct appeal, and his case became final in 2016.[7] His motion to remit LFOs does not alter or reopen the judgment and sentence. See Smits, 152 Wn. App. at 524.

---

[6] The Smits court also reasoned that the trial court's decision on the motion to reduce or waive the LFOs is not a final judgment appealable under RAP 2.2(a)(1), because "the order to pay LFOs as part of the judgment and sentence is conditional, and RCW 10.01.160(4) allows a defendant to file a petition to modify or waive LFOs 'at any time.' " Smits, 152 Wn. App. at 523. We recognize that the version of the statute at the time of the order being appealed, unlike the version of the statute considered in Smits, did not, in fact, allow a defendant to file a petition "at any time," but required the defendant to be released from total confinement. We also do not rely on the reasoning in Smits,152 Wn. App. at 525, that the appellant is not an "aggrieved party" under RAP 3.1, as the Washington Supreme Court has since rejected this reasoning. State v. Blazina, 182 Wn.2d 827, 832 n.1, 344 P.3d 680 (2015) (rejecting argument that the proper time to challenge the imposition of an LFO is when the State seeks to collect), discussed in State v. Shirts, 195 Wn. App. 849, 855-56, 381 P.3d 1223 (2016) (person denied access to prison classes and classification advances can be "aggrieved" even if State has not attempted to enforce payment of LFOs).

[7] The judgment and sentence was filed February 1, 2016. Subject to a few exceptions, a notice of appeal must be filed within 30 days. RAP 5.2(a).

Ramirez does not support application of the 2022 amendments to our review of Rinker's motion,[8] as Rinker's case is not pending on direct review.

Rinker has neither demonstrated appealability under RAP 2.2(a) nor requested discretionary review. Therefore, we decline to review the merits of his claim seeking remission of LFOs.

Rinker filed a Statement of Additional Grounds for Review. He alleges that the trial court failed to consider his mental health as a mitigating factor at sentencing and when setting restitution. He also claims trial counsel was ineffective for preventing him from addressing the court about his mental health circumstances. Both of these issues pertain to the underlying judgment and sentence which Rinker did not appeal and became final in 2016. As discussed above, the motion to amend LFOs does not alter or amend the judgment and sentence. Therefore, Rinker's challenges are not properly raised in this appeal.

Because Rinker's appeal raises no issues properly before this court, we dismiss the appeal.

_Chung, J._

WE CONCUR:

_Birk, J._          _Mann, J._

---

[8] We do not suggest any limitation to Rinker's ability to seek relief directly from the trial court pursuant to the newly revised version of RCW 10.01.160(4), which no longer requires release from total incarceration before requesting remission of LFOs.